UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-24953-CIV-BLOOM/OTAZO-REYES

DERRICK LAMAR PARKER,

    Plaintiff,

v.

SERGEANT LIZANDRO RODRIGUEZ,
and SERGEANT ARMSTRONG,

    Defendants.
_____ /

## REPORT AND RECOMMENDATION

THIS CAUSE came before the undersigned for review. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 26]. For the reasons stated below, the undersigned respectfully recommends that default be immediately entered against Defendant Sergeant Lizandro Rodriguez ("Rodriguez") and that Rodriguez be provided with notice and opportunity to be heard prior to the entry of default judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 2018, *Pro se* Plaintiff Derrick Lamar Parker ("Plaintiff" or "Parker"), filed a Complaint against Rodriguez and co-Defendant Sergeant Armstrong ("Armstrong") alleging violations under the Civil Rights Act, 42 U.S.C. § 1983. See Complaint [D.E. 1].[1] Plaintiff alleges that, on May 12, 2018, while an inmate at Dade Correctional Institution ("DCI"), he was harassed for looking "high" and punched in the face by Rodriguez, a correctional officer at DCI. Id. at 2. Plaintiff further alleges that, after Rodriguez put him in handcuffs, Armstrong, another correctional

---

[1] Sergeant Armstrong has not yet been served.

officer at DCI, struck him in the face with a walkie talkie and sprayed mace in his face. Id. at 2-3. Plaintiff further alleges that other DCI correctional officers then punched and kicked him after Rodriguez claimed to have been hit by him. Id. at 3. Plaintiff claims that, as a result of these alleged assaults, he suffered broken bones in his face, jaw, nose, and ribs. Id. Plaintiff seeks $100,000.00 from each Defendant, for a total of $200,000.00 in damages, plus "all costs related to this incident." Id. at 2.

Rodriguez was served with the Summons and Complaint on August 12, 2020. See Process Receipt and Return [D.E. 22]. Rodriguez failed to timely respond to the Complaint. On December 4, 2020, the undersigned issued an Order to Show Cause, which required Rodriguez to show cause by January 4, 2021 why judgment by default should not be entered against him for failure to respond to the Complaint. See Order to Show Cause [D.E. 29]. To date, however, Rodriguez has failed to respond to the Order to Show Cause.

## **DISCUSSION**

The Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court may enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a default is entered, the Court is authorized to enter a final judgment of default against a party who has failed to respond to a complaint. See Fed. R. Civ. P. 55(b)(2). "Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted." Westgate Resorts, Ltd. v. Castle Law Grp., P.C., No. 617CV1063ORL31DCI, 2020 WL 264676, at *1 (M.D. Fla. Jan. 2, 2020), report and

recommendation adopted, No. 617CV1063ORL31DCI, 2020 WL 264134 (M.D. Fla. Jan. 17, 2020) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Here, the entry of default is appropriate pursuant to Fed. R. Civ. P. 55(a), given that Rodriguez has failed to plead or otherwise respond to the Complaint, and has failed to respond to the Order to Show Cause. After the entry of default, Rodriguez should be provided with notice and an opportunity to be heard prior to the entry of default judgment pursuant to Fed. R. Civ. P. 55(b).

## **RECOMMENDATION**

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that default be entered against Rodriguez pursuant to Fed. R. Civ. P. 55(a), and that Rodriguez be provided with notice and an opportunity to be heard prior to the entry of default judgment for a sum to be determined by proof, pursuant to Fed. R. Civ. P. 55(b).

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of January, 2021.

                                                    ALICIA M. OTAZO-REYES
                                                    UNITED STATES MAGISTRATE JUDGE

cc:      United States District Judge Beth Bloom

Derrick Lamar Parker, *Pro Se* Plaintiff
J05661
Hamilton Correctional Institution-Annex
Inmate Mail/Parcels
10650 SW 46th Street
Jasper, FL 32052

Sgt. Lizandro Rodriguez
Dade Correctional Institution
19000 SW 377th Street
Homestead, Florida 33034

Sgt. Lizandro Rodriguez
20201 SW 200 Street
Miami, Florida 33187