UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 18-cv-24953-BLOOM/Otazo-Reyes**

DERRICK LAMAR PARKER,

      Plaintiff,

v.

SERGEANT LIZANDRO RODRIGUEZ
and SERGEANT ARMSTRONG,

      Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

    **THIS CAUSE** is before the Court upon a Report and Recommendation issued by the Honorable Alicia M. Otazo-Reyes. ECF No. [30] ("Report").[1] On November 11, 2018, *pro se* Plaintiff Derrick Lamar Parker ("Plaintiff") initiated the instant action against Defendants Sergeant Lizandro Rodriguez ("Rodriguez") and Sergeant Armstrong ("Armstrong") alleging claims of excessive force under 42 U.S.C. § 1983. *See* ECF No. [1] ("Complaint"). Although Armstrong has not yet been served, *see* ECF No. [27], service was executed on Rodriguez on August 12, 2020, *see* ECF No. [22]. Ultimately, however, Rodriguez failed to appear or to otherwise timely respond to the Complaint. Thus, on December 4, 2020, the Court issued an Order to Show Cause, which required Rodriguez to show cause, by no later January 4, 2021, why default judgment should not be entered against him for his failure to timely respond to the Complaint. *See* ECF No. [29]. Rodriguez once again failed to appear or submit any response to the Court's Order to Show Cause.

---

[1] This matter was previously referred to Judge Otazo-Reyes for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on all dispositive matters. *See* ECF No. [26].

On January 6, 2021, Judge Otazo-Reyes issued her Report recommending that a Clerk's Default be immediately entered against Rodriguez pursuant to Federal Rule of Civil Procedure 55(a), given his failure to timely plead or otherwise respond to the Complaint and his failure to respond to the Court's Order to Show Cause. ECF No. [30] at 3. Additionally, Judge Otazo-Reyes recommended that, upon the entry of default, Rodriguez should be provided with notice and an opportunity to be heard prior to the entry of default judgment under Federal Rule of Civil Procedure 55(b). *Id.* Lastly, the Report advised the parties that any objections were due within fourteen days of being served with a copy of the Report. *Id.* To date, neither party has filed an objection, nor have they sought an extension of time within which to do so.

The Court has conducted a *de novo* review of the Report and the record in this case, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds Judge Otazo-Reyes's Report to be well reasoned and correct. The Court therefore agrees with the analysis in the Report and concludes, for the reasons discussed therein, that the immediate entry of a Clerk's Default against Rodriguez is appropriate here.

Accordingly, it is **ORDERED and ADJUDGED** that Judge Otazo-Reyes's Report and Recommendation, **ECF No. [30]**, is **ADOPTED**. The Clerk of Court is **DIRECTED** to enter a Clerk's Default against Defendant Sergeant Lizandro Rodriguez.

**By no later than February 8, 2021**, Plaintiff must file a motion for default judgment against Rodriguez. In this motion, Plaintiff must specifically identify the bases in the pleadings that support the grant of default judgment against Rodriguez, and attach a proposed order granting the motion for default judgment and a proposed final default judgment. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default

does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."). Plaintiff must also include all supporting documentation and sworn affidavits establishing the amount of Plaintiff's damages. *See Wells Fargo Bank, Nat'l Ass'n v. Columbia Hardwoods & Floors, Inc.*, No. CV 112-004, 2013 WL 85243, at *3 (S.D. Ga. Jan. 7, 2013) ("Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. However, no hearing is needed when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." (citing *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005))). **Plaintiff's failure to file the motion for default judgment by the date specified above could result in Defendant Rodriguez's dismissal without prejudice.**

Additionally, Defendant Rodriguez is advised that the failure to respond to the Complaint and/or to move to set aside the Clerk's Default **by February 8, 2021**, may result in the entry of a default final judgment against him. In other words, if he fails to object to the Clerk's Default by the stated deadline, Plaintiff may be able to take Rodriguez's property or money, or to obtain some other type of relief. To place him squarely on notice of these ongoing default proceedings, the Clerk of Court is **DIRECTED** to promptly serve Defendant Rodriguez with copies of this Order, Judge Otazo-Reyes's Report, and the Clerk's Default at the addresses listed below.

Case No. 18-cv-24953-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 21, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Alicia M. Otazo-Reyes

Counsel of Record

Derrick Lamar Parker
J05661
Hamilton Correctional Institution-Annex
Inmate Mail/Parcels
10650 SW 46th Street
Jasper, Florida 32052

Sgt. Lizandro Rodriguez
Dade Correctional Institution
19000 SW 377th Street
Homestead, Florida 33034

Sgt. Lizandro Rodriguez
20201 SW 200 Street
Miami, Florida 33187