UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24953-BLOOM/Otazo-Reyes

DERRICK LAMAR PARKER,

    Plaintiff,

v.

SERGEANT LIZANDRO RODRIGUEZ
and SERGEANT CORY ARMSTRONG,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Derrick Lamar Parker's ("Plaintiff") Motion for an Order to Settle Complaint on Agreed Terms. ECF No. [35] ("Motion"). The Court has carefully reviewed the Motion, the applicable law, and the record in this case, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

On November 11, 2018, Plaintiff initiated the instant action against Defendants Sergeant Lizandro Rodriguez ("Rodriguez") and Sergeant Cory Armstrong ("Armstrong") (collectively, "Defendants"), asserting claims of excessive force pursuant to 42 U.S.C. § 1983. *See* ECF No. [1] ("Complaint"). Service was executed on Rodriguez on August 12, 2020, *see* ECF No. [22], but after he repeatedly failed to timely respond or otherwise appear, the Court ordered that a default be entered against him, *see* ECF Nos. [30] ("Report and Recommendation"), [31] ("Default Order"), & [32] ("Clerk's Default"). Additionally, on January 20, 2021, service was perfected upon Armstrong, *see* ECF No. [36], and the deadline for him to respond is February 10, 2021.

On January 22, 2021, Plaintiff filed the instant Motion, which reemphasizes the substantive merit of Plaintiff's case and requests an order from this Court requiring that a Florida Department of Corrections ("FDOC") representative meet with Plaintiff in order to engage in settlement discussions and resolve the claims raised in this action. Neither Rodriguez nor Armstrong filed any response to the Motion.

## II. DISCUSSION

At the outset, the Court begins by noting that *pro se* filings are "held to a less stringent standard than [filings] drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). For example, *pro se* litigants are nonetheless required to abide by the Local Rules and the Federal Rules of Civil Procedure. *Id.*; *Meduty v. Ga. Dep't of Admin. Servs.*, 614 F. App'x 401, 402-03 (11th Cir. 2015) (citing *Tannenbaum*, 148 F.3d at 1263; *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Moreover, courts cannot serve as *de facto* counsel for an unrepresented party and cannot rewrite a deficient filing for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). Nor may courts simply "fill in the blanks" to infer a litigant's claim. *Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012); *see also Bivens v. Roberts*, No. 208CV026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))).

Case No. 18-cv-24953-BLOOM/Otazo-Reyes

Upon review, even under the most expansive reading afforded to *pro se* litigants, Plaintiff's Motion fails to address any alleged basis to support the relief requested. Indeed, the Motion is devoid of any reference or citation to legal theory, case law, or statute to justify such relief. Likewise, although the Motion primarily focuses on the FDOC's responsibility and/or obligations arising from Defendants' conduct in this case, the Court notes that Plaintiff's Complaint specifically asserts his claims against Rodriguez and Armstrong in their "Individual Capacit[ies.]" *See* ECF No. [1] at 1. Thus, any relief Plaintiff seeks against the FDOC—a non-party—must also fail.

In addition, even if this Court did have the authority to order the FDOC to settle Plaintiff's claims, the procedural posture of this case provides a compelling basis for denying the Motion. As explained above, service was only recently executed on Armstrong and the deadline for him to appear and respond has not yet expired. *See* ECF No. [36]. Until Armstrong has been given a meaningful opportunity to engage in litigation of the claims Plaintiff presents, any requests for settlement or attempts to resolve the merits of this case are premature.

Finally, as addressed in its Order, default has been entered against Rodriguez for his failure to appear, respond, or comply with court orders in this case. *See* ECF No. [31]. Importantly, in the Court's Order, it specifically instructed the parties on their respective obligations during the default proceedings against Rodriguez:

> **By no later than February 8, 2021**, Plaintiff must file a motion for default judgment against Rodriguez. In this motion, Plaintiff must specifically identify the bases in the pleadings that support the grant of default judgment against Rodriguez, and attach a proposed order granting the motion for default judgment and a proposed final default judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."). Plaintiff must also include all supporting documentation and sworn affidavits establishing the amount of Plaintiff's damages. *See Wells Fargo Bank, Nat'l Ass'n v. Columbia Hardwoods &*

*Floors, Inc.*, No. CV 112-004, 2013 WL 85243, at *3 (S.D. Ga. Jan. 7, 2013) ("Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. However, no hearing is needed when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." (citing *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005))). **Plaintiff's failure to file the motion for default judgment by the date specified above could result in Rodriguez's dismissal without prejudice.**

Additionally, Defendant Rodriguez is advised that the failure to respond to the Complaint and/or to move to set aside the Clerk's Default **by February 8, 2021**, may result in the entry of a default final judgment against him. In other words, the failure to object to the Clerk's Default by the stated deadline may allow Plaintiff to take Rodriguez's property or money, or to obtain some other type of relief.

*Id.* at 2-3.

The Court stresses that Plaintiff's adherence to the deadlines and requirements above is integral to the continued viability of his claims against Rodriguez. Further, Plaintiff is responsible for fully prosecuting his case, and this responsibility includes filing a timely, adequately supported motion for default judgment against Rodriguez and/or allowing an opportunity to appear, now that service has been perfected upon both Defendants, and to participate in litigation. Thus, given the current posture of this case, the Court concludes that Plaintiff's attempts at settlement are premature. Therefore, Plaintiff's Motion is denied.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [35]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 27, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 18-cv-24953-BLOOM/Otazo-Reyes

Copies to:

Counsel of Record

**Derrick Lamar Parker**
75999
Nassau County Jail
Inmate Mail/Parcels
76212 Nicholas Cutinna
Yulee, Florida 32097

**Sgt. Lizandro Rodriguez**
**Sgt. Cory Armstrong**
Dade Correctional Institution
19000 SW 377th Street
Homestead, Florida 33034

**Sgt. Lizandro Rodriguez**
20201 SW 200 Street
Miami, Florida 33187

**Sgt. Cory Armstrong**
205 SW 75 Street
Apartment 2R
Gainesville, Florida 32607