**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-24953-BLOOM/Otazo-Reyes**

DERRICK LAMAR PARKER,

    Plaintiff,

v.

SERGEANT LIZANDRO RODRIGUEZ
and SERGEANT CORY ARMSTRONG,

    Defendants.
_____/

**<u>OMNIBUS ORDER</u>**

**THIS CAUSE** is before the Court upon Defendant Sergeant Lizandro Rodriguez's ("Rodriguez") Motion to Set Aside Clerk's Default, ECF No. [40] ("Motion to Set Aside"); Defendants Sergeant Cory Armstrong ("Armstrong") and Rodriguez's (collectively, "Defendants") Motion to Compel, ECF No. [42], and Plaintiff Derrick Lamar Parker's ("Plaintiff") Motion for Default Judgment, ECF No. [53], (collectively, the "Motions"). The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Rodriguez's Motion to Set Aside is granted, Defendants' Motion to Compel is granted, and Plaintiff's Motion for Default Judgment is denied as moot.

**I. MOTION TO SET ASIDE & MOTION FOR DEFAULT JUDGMENT**

Plaintiff initiated this action on November 28, 2018. *See* ECF No. [1]. On August 12, 2020, the United States Marshal personally served a copy of the Complaint upon Rodriguez. ECF No. [12]. Rodriguez did not file an Answer within twenty-one days of service. On December 4, 2020, ninety days after service, Rodriguez was ordered to show cause within thirty days why judgment by default should not be entered against him. ECF No. [29]. After receiving no response to the

order to show cause by the stated deadline, United States Magistrate Judge Alicia M. Otazo-Reyes issued a Report and Recommendation recommending that a Clerk's default be entered against Rodriguez. ECF No. [30] ("Report"). On January 21, 2021, the Court adopted the Report and advised that if Rodriguez failed to "respond to the Complaint and/or move to set aside the Clerk's Default by February 8, 2021, [it] may result in the entry of a default final judgment against him." ECF No. [31] at 3. As directed, on January 21, 2021, the Clerk of Court entered default as to Rodriguez. ECF No. [32]. On February 4, 2021, Rodriguez filed the instant Motion to Set Aside, ECF No. [40], and Defendants jointly filed an Answer and Affirmative Defenses to the Complaint, ECF No. [41]. Plaintiff opposes the Motion to Set Aside. ECF No. [54].

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default upon a showing of good cause. "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotations omitted). To determine whether good cause exists to set aside a clerk's default, courts consider (1) the timing of the motion; (2) the presence of a meritorious defense; and (3) the degree of prejudice that may occur to the non-defaulting party if relief is granted. *See United States v. One (1) 1980 49 Foot Def. Yacht Lobster Vessel*, 566 F. Supp. 106, 108 (S.D. Fla. 1983). Courts also consider "whether the default was culpable or willful . . . and other factors[,] including whether the public interest was implicated [and] whether there was significant financial loss to the defaulting party." *Compania Interamericana Exp.-Imp., S.A.*, 88 F.3d at 951. "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (citations omitted).

The Court finds that Rodriguez has established good cause for setting aside the Clerk's default. In the Motion to Set Aside, Rodriguez states that he mistakenly believed that the matter was being handled by the Florida Department of Corrections ("FDOC") attorneys. Indeed, Rodriguez explains his delay in participating in the instant proceedings, stating that he no longer works for the FDOC, but that he nevertheless contacted his former supervisor, Colonel Real, on or about August 12, 2020, and Colonel Real advised Rodriguez that counsel would be appointed for him. ECF No. [40-1] ¶ 2. However, the proper FDOC office was never advised and Rodriguez mistakenly failed to forward the FDOC a copy of the Complaint. *Id.* ¶¶ 2-3. Moreover, the Court notes that Rodriguez filed the Motion to Set Aside before the expiration of the Court's February 8, 2021, deadline, and his request is therefore timely filed. *See* ECF No. [31] at 3. The Court also concludes that, as demonstrated by the seventeen affirmative defenses in Defendants' Answer, Rodriguez has a potentially meritorious defense to Plaintiff's cause of action. *See generally* ECF No. [41]. Finally, the Court finds that Plaintiff will suffer little, if any, prejudice if the Motion to Set Aside is granted, and the Court believes that the considerable amount of damages claimed by Plaintiff warrants an adjudication on the merits. As such, the Court finds that Rodriguez's Motion to Set Aside is due to be granted, and Plaintiff's Motion for Default Judgment must therefore be denied as moot.

## II. MOTION TO COMPEL

Defendants' Motion to Compel seeks a court order compelling Plaintiff to sign an authorization form for the disclosure and release of his health information. ECF No. [42]. In particular, because Plaintiff alleges that as a result of Defendants' alleged assaults on him, he has suffered broken bones in his face, jaw, nose, and ribs, *see* ECF No. [1] at 3, Defendants now request access to Plaintiff's medical records, as his medical condition is a central issue in this case.

3

Yet, when approached with the authorization form, Plaintiff refused to sign certain portions. ECF No. [42] at 2; ECF Nos. [47] & [47-1]. Instead, on the authorization form dated February 2, 2021, Plaintiff only initialed the portions of the authorization form that permitted the release of psychotherapy or substance abuse progress notes, but not portions authorizing the release of any other medical records. *See* ECF No. [42-1] (partially signed authorization form dated Feb. 2, 2021). Plaintiff later filed an additional copy of the authorization form, which was dated February 18, 2021, where he initialed portions of the form authorizing the release of medical records, records regarding HIV and AIDS testing, and records of psychiatric or psychological information other than psychotherapy notes. ECF No. [54] at 5. Puzzlingly, however, this later-dated release form did not include Plaintiff's initials next to the sections of the form authorizing the release of dental records or alcohol and substance abuse records, and the previously initialed sections authorizing the release of the psychotherapy and substance abuse progress notes no longer contained Plaintiff's initials. *Id.* at 5-6.

Upon review, the Court agrees with Defendants that Plaintiff's medical condition is directly relevant to the claims raised in this case. Plaintiff's selective authorization of the release of certain, but not all, medical records cannot stand, especially in light of the injuries Plaintiff has allegedly suffered as a result of Defendants' assault. Accordingly, Defendants' Motion to Compel is granted, and Plaintiff must provide Defendants with a fully initialed and executed authorization form.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Rodriguez's Motion to Set Aside Clerk's Default, **ECF No. [40]**, is **GRANTED**.
2. The Clerk's Default, **ECF No. [32]**, is **VACATED**.
3. Defendants' Motion to Compel, **ECF No. [42]**, is **GRANTED**.

Case No. 18-cv-24953-BLOOM/Otazo-Reyes

4. **By no later than March 31, 2021**, Plaintiff must file a fully initialed and executed copy of the Consent and Authorization for Use and Disclosure Inspection and Release of Confidential Release Form (Form DC4-711B). Plaintiff's failure to comply with this Omnibus Order will result in the imposition of the appropriate sanctions, including but not limited to dismissal without prejudice, without further notice.

5. Plaintiff's Motion for Default Judgment, **ECF No. [53]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 17, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Derrick Lamar Parker
#75999
227 Division Street
Fernandina Beach, FL 32034